UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADY SYSTEMS, INC., a California corporation,<br><br>　　　　Plaintiff(s),<br><br>　　vs.<br><br>BALTIC LATVIAN UNIVERSAL ELECTRONICS, LLC, a California limited liability company,<br><br>　　　　Defendant(s) | Case Number: C 13-1013 JSW<br><br>JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER |

The parties to the above-entitled action jointly submit this JOINT CASE

MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for

All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-

9.

1. Jurisdiction & Service
*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a), 15 U.S.C. § 1121 and

§ 1125. All named parties have generally appeared.

*Form updated May 2013*

2.  <u>Facts</u>:  *A brief chronology of the facts and a statement of the principal factual issues in dispute.*

<u>Plaintiff's statement:</u> Both parties manufacture and sell hi-fidelity microphones nationwide for stage performance and studio recording. Plaintiff has a common law trademark for use since 2001 of its ENCORE™ microphone systems. Defendant began using its ENCORE mark (literal element) (the "Subject Mark") in or about 2009 doing business as BLUE MICROPHONES with prior knowledge of plaintiff's use of the mark ENCORE. At the federal Trademark Trial and Appeal Board ("TTAB") in 2009, Plaintiff opposed Defendant's application to register the Subject Mark. Defendant offered to settle the opposition proceeding by buying Plaintiff's rights to the trademark. Defendant then retracted its offer. Subsequently, in December 2011, Plaintiff's opposition was sustained and the TTAB entered final judgment against Defendant. Defendant did not appeal. Defendant continues to use the Subject Mark to this day. Disputed factual issues may include whether the parties are competitors, the facts required for determining the *Sleekcraft* factors, and the dollar amount of Defendant's profits from Defendant's use of the Subject Mark.

<u>Defendant's statement:</u> BLUE is a designer and maker of highly popular handheld microphones. In or about September 2009, BLUE started offering studio-grade, handheld microphones under the name "en·CORE." On or about November 9, 2009, BLUE applied to register the mark en·CORE for microphones. After the Trademark Office accepted BLUE's application and published it, Plaintiff opposed BLUE's application and demanded that BLUE pay Plaintiff money in exchange for Plaintiff's agreement to withdraw the opposition. Until BLUE was served with Plaintiff's opposition, BLUE had never heard of Plaintiff or its products, let alone its purported ENCORE-branded products.

Plaintiff asserted then, and maintains now, its rights to the ENCORE mark. Contrary to Plaintiff's asserted rights, however, a number of companies have used ENCORE in connection with various electronic products. One of the companies is Plantronics, Inc. Unlike

*Form updated May 2013*

Plaintiff—who has never attempted to register the ENCORE mark and would not obtain one because of other previously issued registration(s)—Plantronics, Inc. owns U.S. Trademark Registration No. 2,088,053 for ENCORE in connection with various electronic products, including headsets and audio and video communications products (the "ENCORE Registration"). The ENCORE Registration issued to Plantronics, Inc. on August 12, 1997, which predates Plaintiff's purported use of ENCORE.

After learning of Plantronics' ENCORE Registration, BLUE requested to withdraw its trademark application to register en·CORE, which the TTAB granted and accordingly sustained the opposition.

3.  Legal Issues: *A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Plaintiff's statement: Disputed legal issues include whether Defendant has the legal right to defend this lawsuit, whether Defendant's use of the Subject Mark is likely to cause consumer confusion (*AMF Incorporated v. Sleekcraft Boats*, 599 F.2d 242 (9th Cir. 1979) and whether Plaintiff may recover from Defendant profits from Defendant's use of the Subject Mark (15 U.S.C. 1117).

Defendant's statement:

- Plaintiff's purported ownership and rights in the ENCORE mark in light of third parties' prior ownership and continuous use of ENCORE in connection with electronic products, including Plantronics, Inc.'s U.S. Trademark Registration No. 2,088,053 for ENCORE in connection with various electronic products, including headsets and audio and video communications products.

- The validity and enforceability of Plaintiff's purported trademark rights against BLUE.

- Whether BLUE's use of en·CORE on studio-grade, handheld microphones is likely to cause confusion with respect to Plaintiff's purported trademark ENCORE,

especially in light of BLUE's consistent use of en·CORE in conjunction with its house mark BLUE.

- What damages, if any, Plaintiff has suffered from BLUE's use of en·CORE?

4. <u>Motions</u>: *All prior and pending motions, their current status, and any anticipated motions.*

<u>Plaintiff's statement:</u> No prior motions. Anticipated motions may include plaintiff's motion for leave to file a second amended complaint, and motions for summary judgment.

<u>Defendant's statement:</u> There are no prior or pending motions. BLUE contemplates filing a motion for summary judgment refuting Plaintiff's purported rights to the ENCORE mark and any likelihood of confusion.

5. <u>Amendment of Pleadings</u>: *The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

<u>Plaintiff's statement:</u> Defendant, a California limited liability company, apparently is "suspended and forfeited" by the California Secretary of State. A suspended/forfeited company does not have the legal right to defend a lawsuit until it has paid its overdue California taxes. Whether or not the complaint should be amended may depend upon Defendant's responses to discovery requests, including discovery of the identity of any other entity who is doing business as BLUE MICROPHONES and using the Subject Mark for microphones. A further Case Management Conference should be conducted on or about September 13, 2013 to determine whether Defendant has adequately responded to discovery requests and whether Plaintiff needs more time to determine whether it should move for leave to amend the complaint.

<u>Defendant's statement:</u> Without waiving its right to amend, supplement, or otherwise modify these statements, BLUE states that it is unaware of any additional parties or claims that should be added to the case but are mindful that discovery may disclose the existence of one

*Form updated May 2013*

or more such additional parties and/or claims. BLUE proposes September 19, 2013 as the deadline for amending the pleadings, which is 90 days from the Case Management Conference, which is currently scheduled for June 21, 2013.

6. <u>Evidence Preservation</u>: *A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

<u>Plaintiff's statement</u>: Plaintiff's counsel has reviewed the ESI Guidelines. The parties' respective counsels met and conferred on May 21, 2013 pursuant to FRCP 26(f) including regarding reasonable and proportionate steps taken to preserve evidence. Defendant's counsel has agreed that Defendant shall preserve evidence showing Defendant's gross sales by number of units and prices per unit of its products that used the Subject Mark from date of first use. ESI shall be produced in .pdf format to the extent practicable, and possibly in paper format.

<u>Defendant's statement</u>: The parties have reviewed the ESI Guidelines. The parties' respective counsel met and conferred on May 21, 2013 pursuant to FRCP 26(f) including regarding reasonable and proportionate steps taken to preserve evidence. The parties agreed to preserve evidence, including pertinent sales information of Plaintiff's products purported offered and sold under the alleged ENCORE mark and BLUE's accused products, under Outside Attorneys' Eyes Only pursuant to the protective order to be submitted and entered by the Court. The parties agreed that ESI be produced in OCR-ed PDF format to the extent practicable, and possibly in paper format if necessary. The producing party shall provide a placeholder at the Bates number where the document was originally located (if the document was first produced in .pdf or paper format).

BLUE reserves the right to request other ESI in native electronic form if deemed advisable after viewing the PDF format or the printed-paper format.

*Form updated May 2013*

7. <u>Disclosures</u>: *Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

<u>Plaintiff's statement:</u> The parties have timely served initial disclosures.

<u>Defendant's statement</u>: The parties have agreed to mail-serve initial disclosures on June 4, 2013. BLUE has served its initial disclosures on June 4, 2013 via First Class Mail as agreed.

8. <u>Discovery</u>: *Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

<u>Plaintiff's statement:</u> Plaintiff has served Defendant with Requests for Admissions, Requests for Production of Documents, and an interrogatory. Defendant's responses will not be due until approximately two weeks after the scheduled initial case management/scheduling conference. The parties have determined that a stipulated e-discovery order is not needed. Discovery may be needed to discover the legal entity responsible for the use of the Subject Mark in violation of Plaintiff's trademark rights, the *Sleekcraft* factors, and on Defendant's profits from use of the Subject Mark. Plaintiff is not seeking damages. Discovery should cut-off on February 21, 2014.

Plaintiff would be amenable to the Court's standard Stipulated Protective Order for Standard Litigation. Defendant has expressed a desire for a "two-tier" protective order. Frederic D. Schrag, Plaintiff's sole counsel of record in this litigation, is Plaintiff's in-house counsel. He has not been, is not, and will not be involved in any competitive decision-making for Plaintiff. <u>A two-tier protective order would be unworkable unless it allows Mr. Schrag "attorneys' eyes only" full access to all information produced by Defendant in the litigation.</u> Plaintiff has the right to be represented by an attorney of his choice: Mr. Schrag. Plaintiff does not intend to retain outside counsel.

<u>Defendant's statement:</u> No discovery has been conducted. The parties have agreed to exchange initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before June 4, 2013, with

*Form updated May 2013*

which BLUE has complied.

During the conference of counsel on May 21, 2013, Plaintiff expressed its belief that Plaintiff and BLUE are direct competitors. Plaintiff further indicated that it would seek BLUE's sales information, along with other confidential information. Accordingly, discovery should be conducted under a two-tier protective order to protect confidential and proprietary information, including financial information of BLUE. Specifically, such information shall be produced under "Attorneys' Eyes Only" to outside counsel. The current counsel of record for Plaintiff is an employee of Plaintiff. Thus, in order for Plaintiff to review BLUE's confidential sales information, Plaintiff will need to retain outside counsel.

The parties have agreed to enter into a protective order that will be presented to the Court for entry in this case. The parties will provide privilege logs for claims of privilege or work-product on documents created prior to start of litigation that are withheld on those grounds. Documents subject to privilege and work product created after commencement of litigation are not within the scope of discovery requests.

In general, BLUE intends to conduct discovery on the following subjects:

- Plaintiff's purported use of "ENCORE" in connection with the sale and advertising of its microphones.

- Plaintiff's allegations that BLUE infringed Plaintiff's purported trademark.

- Incidents of actual confusion.

- Alleged likelihood of consumer confusion as to the BLUE's use of en·CORE in connection with its studio-grade, handheld microphones.

- Third parties who own and/or have use ENCORE in connection with electronic products, including microphones and headsets or handsets in communication devices.

- Other issues that become evident as discovery continues.

The parties will engage in written discovery, document production and depositions of the parties and third parties.

Page 7 of 12

9.  <u>Class Actions</u>: *If a class action, a proposal for how and when the class will be certified.*

N/A.


10.  <u>Related Cases</u>: *Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

None.


11.  <u>Relief</u>: *All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

<u>Plaintiff's statement</u>: Plaintiff seeks (1) an injunction pursuant to 15 U.S.C. § 1116 restraining Defendant from using the Subject Mark or similar mark, and directing Defendant to file and serve a report setting forth the manner and form in which Defendant has complied with the injunction, (2) a judgment pursuant to 15 U.S.C. § 1117 that Plaintiff is entitled to recover Defendant's profits derived from Defendant's use of the Subject Mark, and (3) Plaintiff's costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.


<u>Defendant's statement</u>: Plaintiff is not entitled any damages.  BLUE seeks to recover its costs and attorneys' fees in connection with defending Plaintiff's unwarranted claims asserted in this action.


12.  <u>Settlement and ADR</u>: *Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

<u>Plaintiff's statement</u>: The parties agree to Early Neutral Evaluation (after the issues Defendant's incapacity to defend this lawsuit and identification of other defendants are resolved).


<u>Defendant's statement</u>: The parties agree to Early Neutral Evaluation.

*Form updated May 2013*

13. <u>Consent to Magistrate Judge For All Purposes</u>: *Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*      \_\_\_\_ YES     \_\_X\_\_ NO

14. <u>Other References</u>: *Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

No.

15. <u>Narrowing of Issues</u>: *Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

<u>Plaintiff's statement:</u>  Plaintiff disagrees with Defendant's desire to bifurcate the issues of

liability and Defendant's profits.

<u>Defendant's statement:</u> In the interests of judicial economy, BLUE requests the Court to

bifurcate liability and damages phases of trials.

16. <u>Expedited Trial Procedure</u>: *Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

No.

17. <u>Scheduling</u>: *Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

<u>Plaintiff's statement:</u>  <u>Plaintiff's statement:</u>  A further Case Management Conference should

be conducted on or around September 13, 2013. Discovery should cut off on February 21,

2014. Trial should be scheduled to commence March 21, 2013.

<u>Defendant's statement:</u> BLUE disagrees with Plaintiff that the proposed dates for various

pre-trial deadlines and trial should await a further case management conference. BLUE's

Page 9 of 12

proposed dates are set forth as follows:

| Matter | Defendant's Proposed Dates |
|---|---|
| Last Day to Add Parties and Amend Pleadings | September 19, 2013 |
| Initial Expert Report | February 28, 2014 |
| Rebuttal Expert Reports | March 28, 2014 |
| Discovery Cut-Off | April 18, 2014 |
| Last Day to Conduct Settlement Proceedings | May 16, 2014 |
| Last Day for Dispositive Motions Hearings | May 30, 2014 |
| Final Pre-Trial Conference | July 11, 2014 |
| Last Day for Filing Proposed Finding of Facts and Conclusions of Law | July 18, 2014 |
| Jury Trial | July 28, 2014 |

18. <u>Trial</u>: *Whether the case will be tried to a jury or to the court and the expected length of the trial.*

<u>Plaintiff's statement:</u>  Defendant has demanded a jury trial on issues of fact triable by

right.

<u>Defendant's statement:</u> jury trial for appx. 5-7 court days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: *Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

<u>Plaintiff's statement:</u>  Plaintiff has filed the Certification of Interested Entities or Persons

pursuant to Civil L.R. 3-16. Plaintiff believes the following persons or entities have a

financial interest in the subject matter in controversy or in a party to the proceeding: John

*Form updated May 2013*

Nady, Blue Microphones, Transom Capital Group, Larry Russ, Adam Fraser, Brian Biggott.

Defendant's statement: BLUE has filed the Certification of Interested Entities or Parties pursuant to Civil L.R. 3-16. BLUE states John Nady and Transom Capital Group have a financial interest in the subject matter in controversy.

20. Other: *Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*
Plaintiff's statement: Disclosure by Defendant of the identity of the legal entity doing business as BLUE MICROPHONES who is using the Subject Mark.

Dated:  June 13, 2013

/s/ Frederic D. Schrag
Attorney for Plaintiff
Nady Systems, Inc.

Dated:  June 13, 2013

Respectfully submitted

RUSS AUGUST & KABAT

By: /s/ Larry C. Russ

Larry C. Russ
Irene Y. Lee
Nathan D. Meyer

Attorneys for Defendant
Baltic Latvian Universal Electronics, LLC

Page 11 of 12

*Form updated May 2013*

<u>CASE MANAGEMENT ORDER</u>

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:                                                         -_____

                                                              UNITED STATES DISTRICT JUDGE

*Form updated May 2013*